UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

**REBECCA ROOD**

       Plaintiff,

v.                                             Case No.: Pending

**NORTH SHORE HEALTHCARE LLC d/b/a**

**MONROE HEALTH SERVICES**

       Defendants.

## COMPLAINT

Plaintiff, Rebecca Rood, by her counsel, Attorney Scott A. Small of Seifert, Small & Associates LLC, and Attorney Joshua Klugman of Employee Work Rights Group, APC, complain of Defendants Monroe Health Services and North Shore Healthcare LLC as follows:

### JURISDICTION AND VENUE

1. This action is brought to remedy sex-based discrimination and retaliation. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-(k), 2000e-2, and 2000e-3(a).

2. This court has jurisdictions over such claims pursuant to 28 U.S.C. § 1331, generally. Jurisdiction is found upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question.

3. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Defendants are located in this judicial district and the acts alleged in this matter took place in this judicial district.

## PARTIES

4. Plaintiff Rebecca Rood is an individual residing in the State of Wisconsin. At all relevant times, Plaintiff was employed by North Shore Healthcare LLC d/b/a Monroe Health Services as a Certified Nursing Assistant ("CNA") and earned $15.00 per hour as a full-time employee.

5. Monroe Health Services is a healthcare provider located in Wisconsin, owned and operated by Defendant North Shore Healthcare LLC. Under the Monroe Health Services umbrella, Defendant employs over 200 individuals and provides long-term skilled nursing care, short-term rehabilitation, and assisted living services.

6. Defendant North Shore Healthcare LLC is a corporation established in 2015, operating 70 facilities in Wisconsin, Minnesota, Michigan, and North Dakota.

7. In 2023, Monroe Health Services' revenue was approximately $3,050,000.

8. Defendant Northshore Healthcare LLC has annual revenues of approximately $3.2 billion and employs 17,000 people.

9. Monroe Health Services is located at 516 26th Avenue, Monroe, WI 53566. Plaintiff was employed at this address.

10. Defendant North Shore Healthcare LLC has its principal office at 640 N. Vel R. Phillips Ave., Suite 200, Milwaukee, WI 53203. The registered agent for North Shore Healthcare LLC is Jeffrey Charles Hoehn, located at the same address.

## FACTUAL BACKGROUND

11. Plaintiff Rebecca Rood began her employment with Monroe Health Services on January 15, 2020. Monroe Health Services is a healthcare provider owned and operated

by North Shore Healthcare LLC (hereinafter, Defendant is referred to as one entity "Monroe Health Services").

12. By February of 2020, Plaintiff had secured her Certified Nursing Assistant (CNA) license and began working in a CNA position.

13. In March of 2020, Plaintiff began to experience sexual harassment and sexual touching by two residents of Monroe Health Services. The harassment and touching included physically grabbing and squeezing Plaintiff's breasts, private area, and buttocks, all without consent. One resident also repeatedly asked Ms. Rood to perform oral sex on him.

14. The sexual harassment by the residents continued for months and then years, and upon information and belief, Ms. Rood was not the only employee who was victim to the harassment.

15. Plaintiff reported the sexual harassment to Bob Kennison, Assistant Director of Nursing, in June of 2020.

16. Plaintiff reported the sexual harassment to Monique Gentry, Director of Nursing, in June of 2020.

17. Plaintiff reported the sexual harassment to Tracy Robieson, Licensed Practical Nurse (LPN), in September of 2020, and several more times through the summer of 2021.

18. Plaintiff reported the sexual harassment to Connie [Last Name Unknown], the temporary Director of Nursing, in April or May of 2021.

19. Plaintiff reported the sexual harassment to Sofia Schoen, Director of Nursing, in May of 2021.

20. Ms. Schoen replied to the complaint by informing Plaintiff that one of the residents who had sexually harassed her was a serial harasser at other facilities under North Shore Healthcare LLC. Ms. Shoen advised Plaintiff to walk away when the harassment occurred, and that there was nothing that the Defendant(s) could do to eliminate the sexually offensive actions and behavior of the residents.

21. Plaintiff reported the sexual harassment to Jamie Keller, Registered Nurse (RN), in July of 2021, who replied by telling Plaintiff to "entertain" the residents.

22. The repeated attempts to report the sexual harassment, and the resulting failure of Defendant(s) to remedy the sexual harassment caused Plaintiff severe emotional harm.

23. Plaintiff, realizing that the Defendants were not going to remedy the sexual harassment, filed an Equal Employment Opportunity Commission ("EEOC") charge against the Defendants on August 30, 2021. Ex. 1.

24. In or around October of 2021, Monroe Health Services was notified of the EEOC charged against it and quickly began to retaliate against Plaintiff. Specifically, the Executive Director Jo Ann Shepard was notified.

25. Between October of 2021 and December 27, 2021, Defendant(s) pretextually retaliated against Plaintiff by creating a "record of performance" which falsely lists reports of issues with Plaintiff's performance.

26. The pretextual creation of these false performance issues was so obvious that Ms. Rood sent a letter to the EEOC on December 17, 2021, informing the investigator of the retaliatory behavior, which included: (1) suspending Plaintiff for a false report of abuse, in which the reporter's claims were verifiably false; (2) completely ignoring Plaintiff during working shifts; (3) accusing Plaintiff of making reports to the State of

4

Wisconsin, causing State workers to investigate the building; (4) over-surveilling Ms. Rood. These retaliatory actions, caused by Plaintiff's protected attempts to complain about the sexual harassment, caused Plaintiff severe emotional harm.

27. Defendant(s) used the pretextual list as cause to terminate Ms. Rood on December 27, 2021.

28. Plaintiff was an exemplary employee and performed satisfactorily in her role during all relevant times.

29. Plaintiff's termination has caused her severe emotional harm, and financial stress.

30. After a lengthy investigation, the EEOC issues a Determination in favor of Plaintiff, stating: "The evidence obtained in the investigation establishes reasonable cause to believe that the Respondent discriminated against Charging Party and a class of female employees based on their sex (female) when it allowed residents to sexually harass them from March 1, 2020, until December 27, 2021, at the Monroe, Wisconsin facility of the Respondent, in violation of Title VII." Ex. 2.

31. The EEOC subsequently issued a Right to Sue Letter to Plaintiff on November 14, 2024. Ex. 3.

## CAUSES OF ACTION

## CLAIM I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Plaintiff was subjected to unwelcome sexual harassment, including repeated sexual touching, that severe and pervasive enough to create a hostile work environment.

34. Plaintiff placed Defendant(s) on notice of the sexual harassment, and Defendant(s) were aware of sexual harassment taking place towards their employees.

35. Defendant(s) failed to take adequate steps to prevent further sexual harassment from taking place, allowing the harassment and touching to continue.

36. In failing to take action, Defendant(s) made sexual harassment a terms and condition of work for their female employees.

37. As a direct result in Defendant(s)' failure to prevent sexual harassment after being put on notice, Plaintiff was subjected to continued sexual advanced which were severe and pervasive, and suffered damages including emotional distress, loss of income, and other compensatory damages.

## CLAIM II: RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Plaintiff engaged in protected activity by reporting sexual harassment to her superiors, and subsequently by filing a Charge of Discrimination against Defendant(s) on August 30, 2021.

40. Defendant(s) retaliated against Plaintiff by taking adverse actions against her, including hyper-scrutiny of her work product, investigating clearly false reports in order to create pretextual arguments to terminate her, and terminating her employment in retaliation for her protected actions.

41. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered damages, including emotional distress, loss of income, and other compensatory damages.

## CLAIM III: DISCRIMINATORY TERMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2 and 2000e-3.

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Plaintiff's termination was motivated by discriminatory and retaliatory intent, in violation of her rights under Title VII.

44. Defendant(s)' wrongful termination of Plaintiff caused her to suffer damages, including emotional distress, loss of income, and other compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant a permanent injunction enjoining Defendant, its subsidiaries, including Monroe Health Services, its agents and employees, from engaging in sex-based discrimination, and an order for Defendant to take steps to prevent further sexual harassment taking place at their business;

(b) Award Plaintiff compensatory damages, including back pay with pre-judgment interest in an amount to be determined at trial, front pay, emotional distress damages, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices in the amount of $300,000 or an amount to be shown at trial as authorized by law;

(c) Award Plaintiff punitive damages to deter future unlawful conduct;

(d) Award Plaintiff attorneys' fees, costs, and expenses;

(e) Grant such other and further relief and this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**SEIFERT, SMALL & ASSOCIATES LLC**

Dated: February 7, 2025         By: <u>Electronically signed by: Scott A. Small</u>

Scott A. Small
WI State Bar Number: 1116789
757 N. Broadway St., Ste. 300

7

Milwaukee, WI 53202
T: 414-273-9900 Ex.2
F: 414-240-8602
E: Scott@seifertsmall.com

**EMPLOYEE WORK RIGHTS GROUP, APC**

Joshua Klugman, Esq.
9538 Pico Boulevard, #200
Los Angeles, CA 90035
T: 424-248-5148
E: Joshua@discriminationlawyerla.com
